UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES, LLC, ET Al.          CIVIL ACTION

VERSUS          NO. 17-404-BAJ-RLB

REBEKAH GEE, ET AL.

## ORDER

Before the Court is Defendants' Motion to Stay Discovery (R. Doc. 40) filed on October 20, 2017. The motion is opposed. (R. Doc. 45).

## I. Background

On June 27, 2017, June Medical Services, LLC, on behalf of its patients, physicians, and staff, as well as certain physicians proceeding as "John Doe" plaintiffs (collectively, "Plaintiffs") commenced this action against Rebekah Gee, in her official capacity as Secretary of the Louisiana Department of Health ("LDH"), and James R. Stewart, Sr., in his official capacity as District Attorney for Caddo Parish (collectively, "Defendants"). (R. Doc. 1, "Compl."). Plaintiffs challenge the constitutionality of Louisiana's Outpatient Abortion Facility Licensing Law ("OAFLL"), La. R.S. 40:2175.1–2175.6, including the term "outpatient abortion facility" in La. R.S. 40:2199(A)(1), and various health regulations described by Plaintiffs as "Sham Health Statutes" located in Title 14 and Title 40 of the Louisiana Revised Statutes. (Compl. ¶ 4). Plaintiffs allege that "LDH requires licensed abortion facilities to meet over a thousand requirements." (Compl. ¶ 23). Plaintiffs allege that as applied and enforced by LDH through its implementing regulations and enforcement practices, the OAFLL and the "Sham Health Statutes" violate the Fourth and Fourteenth Amendments of the U.S. Constitution. (Compl. ¶¶ 9, 220-228).

On August 29, 2017, Defendants filed a Motion to Dismiss seeking dismissal pursuant to Rule 12(b)(6), or in the alternative, Rule 12(b)(1). (R. Doc. 22). Defendants argue that Plaintiffs' substantive due process claim under the Fourteenth Amendment must be dismissed because it challenges various statutes collectively and appears to challenge various unidentified implementing regulations. (R. Doc. 22-1 at 9-19). Defendants argue that Plaintiffs' procedural due process claim under the Fourteenth Amendment must be dismissed because it is unripe and waived in light of a settlement agreement between the parties. (R. Doc. 22-1 at 19-22). Finally, Defendants argue that Plaintiffs' unreasonable search claim under the Fourth Amendment must be dismissed because Plaintiffs fail to plead a justiciable challenge regarding a particular inspection, and because abortion clinics are closely regulated entities with lesser Fourth Amendment protections. (R. Doc. 22-1 at 22-26). Plaintiffs filed an Opposition. (R. Doc. 32).

On October 3, 2017, Plaintiffs served their First Request for Production of Documents on Rebekah Gee. (R. Doc. 40-2).

On October 5, 2017, the Court held a telephone scheduling conference with the parties. (R. Doc. 34). Given Defendants' position that discovery should be stayed pending resolution of their motion to dismiss, the Court stayed formal discovery pending further order by the Court and required Defendants to file a motion to stay on or before October 20, 2017.

On October 20, 2017, Defendants filed the instant Motion to Stay Discovery (R. Doc. 40). Defendants argue that given the breadth of the allegations in the Complaint, which touch upon the entire regulatory structure governing abortions in Louisiana, the Court should first rule on the pending Motion to Dismiss prior to the commencement of discovery given the possibility that Plaintiffs' claims will be dismissed or narrowed as a matter of law. Defendants further argue that the overbreadth of the Requests for Production underscores the need for a stay of discovery in this action.

In opposition, Plaintiffs argue that the possibility that an action may be resolved on the pleadings does not, without more, justify a stay, and Defendants have not otherwise met their burden of demonstrating justification for a stay of discovery. (R. Doc. 45).

Oral argument on the pending Motion to Dismiss has been scheduled before the district judge on January 30, 2018. (R. Doc. 53).

## II. Law and Analysis

Rule 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.") (citation omitted).

Having considered the record as a whole, the Court finds good cause for staying discovery until the district judge issues a ruling on the pending Motion to Dismiss. Given the wide-ranging legal challenges to LDH's implementing regulations and enforcement practices regarding OAFLL and the "Sham Health Statutes," a stay of discovery in this action pending resolution of the Motion to Dismiss will prevent any undue burden and expense on Defendants should the allegations in the Complaint be dismissed or narrowed.

3

In reaching the decision, the Court notes that this decision is consistent with the Court's handling of a related matter brought in this district. *See June Medical Services, LLC v. Rebekah Gee*, Civ. Act. No. 16-444-BAJ-RLB, ECF No. 18, at 3 (M.D. La.). In that action, the district judge has ruled on Defendants' Motion to Dismiss, and the Court is in the process of issuing a Scheduling Order based on the proposals set forth in the Amended Joint Status Report.

Given the nature of the legal challenges raised in the instant action, the Court finds the foregoing procedure, which was agreed upon by the parties in a related action, to be appropriate for this action as well.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Stay Discovery (R. Doc. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that discovery in this action will remain **STAYED** until resolution of the pending Motion to Dismiss (R. Doc. 22) or unless otherwise ordered by the Court. If necessary, Plaintiffs' counsel shall file an Amended Status Report within **14 days** of the district judge's ruling on the pending Motion to Dismiss and contact the undersigned for the purpose of resetting the scheduling conference.

Signed in Baton Rouge, Louisiana, on January 10, 2018.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE