UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES, LLC, ET AL.

CIVIL ACTION

VERSUS

REBEKAH GEE, ET AL.

NO.: 17-00404-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion for Interlocutory Appeal (Doc. 65)** filed by Defendants in this action. Defendants seek interlocutory review of the Court's Ruling and Order of March 30, 2018. (Doc. 60). Plaintiffs oppose the motion. (Doc. 69). For the reasons that follow, the motion is **GRANTED**.

I. BACKGROUND

Plaintiffs in this action, Louisiana doctors and abortion providers, bring an as-applied challenge to numerous Louisiana abortion laws. (Doc. 1 at ¶¶ 13–17). Specifically, Plaintiffs challenge Louisiana's Outpatient Abortion Facility Licensing Laws ("OAFLL"),[1] which governs the personnel, internal policies, facility, reporting, recordkeeping, and licensing of clinics that provide abortion services. (*Id.* at ¶¶ 4, 50). Additionally, Plaintiffs challenge several enumerated statutes that govern the standards and practices of doctors who perform abortions. (*Id.* at ¶ 26). Plaintiffs, citing the recent Supreme Court decision *Whole Woman's Health v. Hellerstedt*, ___

---

[1] Codified as La. Rev. Stat. §§ 40:2175.1–2175.6, 40:2199(A)(1); La Admin Code tit. 48, §§ 4401–53.

U.S. \_\_\_, 136 S. Ct. 2292, 2309 (2016), claim that the cumulative effect of the laws place an undue burden on access to abortion in Louisiana. (*Id.* at ¶¶ 1–3, 220–22). Plaintiffs further alleged procedural due process and Fourth Amendment violations. (*Id.* at ¶¶ 224–28).

## II. LEGAL STANDARD

To certify a ruling for interlocutory review, a court must find that its ruling "[1] involves a controlling question of law as to which [2] there is a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Fifth Circuit strictly construes the requirements of § 1292(b), and all three criteria must be met before the court may certify an interlocutory appeal. *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981); *Ala. Labor Council v. Alabama*, 453 F. 2d 922, 924 (5th Cir. 1972). "The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals"; therefore, interlocutory appeals are "exceptional." *Clark–Dietz & Assocs.-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

Regarding the first prong, "resolution of an issue need not necessarily terminate an action in order to be controlling .... Whether an issue of law is controlling usually 'hinges upon its potential to have some impact on the course of the litigation.'" *United States v. La. Generating L.L.C.*, No. 09-cv-100, 2012 WL 4588437, at *1 (M.D. La. Oct. 2, 2012) (quoting *Tesco v. Weatherford Int'l, Inc.* 722 F. Supp. 2d 755, 7666 (S.D. Tex. 2010)). Under the second prong, a substantial ground

2

for a difference of opinion may exist "if novel and difficult questions of first impression are presented." *Mitchell v. Hood*, 13-5875, 2014 WL 1764779, at *5 (E.D. La. May 2, 2014) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). Finally, a key consideration of whether the appeal may advance the ultimate termination of the litigation is if the appeal has the potential to "speed up the litigation." *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N. D. Tex. 2006) (quoting *Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000)). .

### III. DICUSSION

The Court finds that an interlocutory appeal is appropriate in this case. Plaintiffs present a difficult issue of first impression that requires the interpretation of recent Supreme Court precedent without the benefit of clarification from the United States Court of Appeals for the Fifth Circuit. And Defendants raise a threshold question concerning whether Plaintiffs' key claim is colorable. Therefore, the appeal involves "a controlling question of law as to which there is a substantial ground for difference of opinion," and an appeal of the Court's order "may materially advance the ultimate termination of the litigation." § 1292(b).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' motion (Doc. 65) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for leave to file reply (Doc. 71) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court's Order of March 30, 2018 (Doc. 60) is **CERTIFIED** for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Baton Rouge, Louisiana, this 11th day of May, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**