UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES, LLC, ET AL.

CIVIL ACTION

VERSUS

REBEKAH GEE, ET AL.

NO.: 17-00404-BAJ-RLB

RULING AND ORDER

Before the Court is the Plaintiffs' **Motion to Rescind 28 U.S.C. § 1292(b) Certification (Doc. 79)**, which requests that the Court revoke its order certifying its ruling on the motion to dismiss (Doc. 60) for interlocutory appeal. For the reasons that follow, the motion is **GRANTED**.

I. BACKGROUND

Plaintiffs, Louisiana doctors and abortion providers, bring an as-applied challenge to numerous Louisiana abortion laws. (Doc. 1 at ¶¶ 13–17). Specifically, Plaintiffs challenge Louisiana's Outpatient Abortion Facility Licensing Laws ("OAFLL"),[1] which governs the personnel, internal policies, facility, reporting, recordkeeping, and licensing of clinics that provide abortion services. (*Id.* at ¶¶ 4, 50). Additionally, Plaintiffs challenge several enumerated statutes that govern the standards and practices of doctors who perform abortions. (*Id.* at ¶ 26). Plaintiffs, citing the recent Supreme Court decision *Whole Woman's Health v. Hellerstedt*, ___

---

[1] Codified as La. Rev. Stat. §§ 40:2175.1–2175.6, 40:2199(A)(1); La Admin Code tit. 48, §§ 4401–53.

U.S. ___, 136 S. Ct. 2292, 2309 (2016), claim that the cumulative effect of the laws place an undue burden on access to abortion in Louisiana. (*Id.* at ¶¶ 1–3, 220–22). Plaintiffs further allege procedural due process and Fourth Amendment violations. (*Id.* at ¶¶ 224–28). The Court allowed Plaintiffs' cumulative effects and Fourth Amendment claims to proceed, but found that Plaintiffs procedural due process claim was not ripe for adjudication. (Doc. 60 at p. 18).

Finding that Plaintiffs' cumulative effects challenge met the statutory requirements to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the Court certified its ruling to the United States Court of Appeal for the Fifth Circuit. (Doc. 76). Plaintiffs now request that the Court rescind that order and allow them to amend their complaint. (Doc. 79).

## II. LEGAL STANDARD

"As long as a district (or an appellate) court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

The filing of a notice of appeal for an interlocutory order divests the district court of jurisdiction of any matter that is the subject of the appeal. *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007)(per curiam). For a permissive appeal, "[t]he date when the order granting permission to appeal is entered serves as the date of the notice of appeal." Fed. R. App. P. 5(d)(2). Therefore, until the court of appeals grants permission to appeal, the district court retains the authority to reconsider or rescind

2

certification of an order for interlocutory review. *See Melancon*, 659 F.2d at 553; *accord City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001).

### III. DISCUSION

Defendants' brief raises two issues on appeal:

1. Can Plaintiffs challenge the cumulative effects of Louisiana statutes, regulations, and administrative acts related to licensing of outpatient abortion facilities *without challenging them individually*?

2. Can Plaintiffs challenge the cumulative effects of Louisiana statutes, regulations, and administrative acts *without specifically identifying them or pleading their standing to challenge them individually*?

(Doc. 79-2 at p. 10). Plaintiff argues that these two issues can be resolved by "more granular pleadings regarding Plaintiffs' substantive due process claims, particularly as to OAFLL and its regulations." (Doc. 79-1 at p. 4). Plaintiffs propose, to avoid the potential cost and time of an interlocutory appeal, that the Court should revoke its certification of appeal and provide Plaintiffs until June 11, 2018 to amend their complaint. (*Id.* at pp. 1, 7).

Defendants argue that Plaintiffs' amendments are hypothetical and that without a copy of the proposed amended pleadings, the Court should not rescind its earlier order. (Doc. 82 at pp. 1–2). Further, Defendants assert that Plaintiffs have repeatedly declined to amend their complaint or clarify their claims. (*Id.* at pp. 3–4). Defendants also note that, even if the interlocutory appeal moves forward, Plaintiffs will still have the opportunity to amend their complaint. (*Id.* at p. 5).

3

First, the Court notes the strong policy disfavoring interlocutory appeal. "The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals"; therefore, interlocutory appeals are "exceptional." *Clark–Dietz & Assocs.–Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). On the other hand, Federal Rule of Civil Procedure 15 demonstrates a bias in favor of granting leave to amend, and a district court must possess a substantial reason to deny a request to amend a complaint. *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016).

The Court finds that amendment has the potential to cure Defendants' main reason for requesting the interlocutory appeal: the lack of specificity in Plaintiffs' cumulative effects challenge. If Plaintiffs focus in on specific regulations and statutes, then the Complaint becomes more of a straightforward application of established law and less of a "difficult issue of first impression." (Doc. 76 at p. 3). Indeed, at oral argument on the motion to dismiss, Defendants seemed to agree, arguing that "the right course would be to require the plaintiffs to actually identify with factual pleadings to the required specificity to support . . . this Court's jurisdiction." (Doc. 57 p. 10, ll. 15–19). Adding, "[t]hey should specify exactly which regulations they challenge, exactly which provision of the health statutes they care about and which they don't. Plead facts showing . . . standing, plead facts showing undue burden." (*Id.* at p. 10, ll. 19–24). Defendants offer no argument why Plaintiffs'

4

amended complaint could not reach that level of specificity; rather, they simply express skepticism that Plaintiffs' amended complaint will do so. (Doc. 82 at p. 2).

Finally, the Court notes that, if Plaintiff's proposed amended complaint does not ameliorate the issues raised in Defendants interlocutory appeal, then the Court will not hesitate to re-certify the order (Doc. 60) for appeal in accordance with § 1292(b). Although Defendants raise a legitimate point that Plaintiffs could have moved to amend their complaint more quickly, the Court will nonetheless provide Plaintiffs with the opportunity to amend in the hopes of resolving this case without the necessity of a lengthy interlocutory appeal.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion (Doc. 79) is **GRANTED** and that the Court's certification for interlocutory review (Doc. 76) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an amended complaint by June 11, 2018.

Baton Rouge, Louisiana, this 4th day of June, 2018.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA